UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THERESA MARIE JONES,**

        **Plaintiff,**

**v.**                                                             **Case No:   6:13-cv-1115-Orl-18GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Theresa Marie Jones (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) assigning Dr. William Silverman's opinions limited weight; and 2) failing to consider the side effects caused by methadone. Doc. No. 23 at 18-23. Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. For the reasons that follow, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.     THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III.    ANALYSIS.**

    **A.  Dr. Silverman.**

Claimant filed applications for a period of disability, DIB, and SSI. R. 21. Claimant alleged disability beginning on March 13, 2007. *Id*. Claimant last met the insured status requirements of the Social Security Act on December 31, 2011. R. 23. Claimant challenges the ALJ's decision to assign limited weight to Dr. Silverman's February 18 and April 20, 2011 RFC assessments. Doc. No. 23 at 18-23.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such

a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Dr. Silverman is Claimant's family physician. The record reveals that Dr. Silverman has treated Claimant on a regular basis prior to the alleged disability onset date of March 13, 2007, through September 23, 2011. R. 262-76, 280-91, 315-30, 350-68, 900-04, 938-73. Thus, Dr. Silverman qualifies as a treating physician. *See* 20 C.F.R. § 404.1502.

On February 18, 2011, Dr. Silverman completed a physical RFC assessment. R. 930-33. Dr. Silverman opined that Claimant can sit for a total of three (3) hours in an eight (8) hour workday, stand for a total of one (1) hour in an eight (8) hour workday, and walk for a total of one (1) hour in an eight (8) hour workday. R. 930. Dr. Silverman opined that Claimant can sit for sixty (60) minutes, stand for fifteen (15) minutes, and walk for ten (10) minutes without interruption. *Id*. Dr. Silverman opined that Claimant can frequently carry less than (5) pounds, and occasionally carry ten (10) pounds. R. 931. Dr. Silverman opined that Claimant can occasionally stoop and use her feet and legs for repetitive movements, but never climb, balance,

squat, kneel, crouch, crawl, bend, or twist. R. 931-32. Finally, Dr. Silverman opined that Claimant should avoid moderate exposure to wetness, hazards, moving machinery, and unprotected heights. R. 933.

On April 20, 2011, Dr. Silverman completed a second RFC assessment, which addresses both physical and psychological limitations. R. 934-37. Dr. Silverman opined that Claimant has impaired attention and concentration, and is capable of low stress work. R. 935, 937. Dr. Silverman opined that Claimant's medications cause her to be fatigued and have dulled sensation and function. R. 935.[1] As for Claimant's physical limitations, Dr. Silverman opined that Claimant can sit and stand/walk for a total of "about 2 hours" in an eight (8) hour workday. *Id*. Dr. Silverman opined that Claimant can sit for sixty (60) minutes and stand for thirty (30) minutes without interruption, and walk less than one city block without rest or severe pain. *Id*. Dr. Silverman opined that Claimant can occasionally lift less than ten (10) pounds, rarely lift ten (10) pounds, and never twist, stoop, bend, couch, or squat. R. 936.

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from the following severe impairments: residual effect of remote lumbar spine surgery; cervical spine dysfunction with herniation at C6-C7 level with mild stenosis; and obesity. R. 23. At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "sedentary work" with the following additional limitations:

> [T]he claimant has the residual functional capacity to occasionally lift and carry 10 pounds and to frequently lift and carry light articles weighing less than 10 pounds. The claimant has the capacity to stand and/or walk 2 hours in an 8-hour workday and has the capacity to sit 6-8 hours in an 8-hour workday. The claimant requires the ability to change position while at work but this can be met at normal breaks or meal periods or by momentary changes in position that do not require leaving the workstation. The claimant has unlimited ability to push and pull up to the capacity for lifting and carrying.

---

[1] Dr. Silverman does not identify which medication(s) causes these side effects. *See* R. 935.

> Considering the claimant's subjective complaints and the observed postural abnormalities, the claimant has the capacity to frequently balance and occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps. The evidence does not establish any limitations in manipulative abilities except that reaching is limited to frequently except for overhead reaching which is limited to occasionally. Considering the claimant's subjective complaints and reports of limitations of mobility, the claimant has the capacity for less than occasional exposure to extremes of could and to workplace hazards such as unprotected heights or machinery with fast moving parts. Considering the claimant's subjective complaints of depression and chronic pain, mentally the claimant has the capacity to understand, remember, and carry out simple, routine tasks. The claimant has the capacity to appropriately interact with supervisors, coworkers, and the general-public. The claimant has the capacity to identify and avoid normal work place hazards and to adapt to routine changes in the work place.

R. 25-6. In reaching this RFC, the ALJ provided a detailed summary of Dr. Silverman's treatment records from the relevant time period, including Dr. Silverman's February 18 and April 20, 2011 RFC assessments (collectively, the "Assessments"). R. 27-31.[2] The ALJ assigned the Assessments "limited weight" for the following reasons: 1) the extreme limitations contained in the Assessments "are not fully supported by [Dr. Silverman's] own clinical findings, as indicated throughout this decision"; 2) Dr. Silverman's opinions are not "supported by any other objective evidence as could have been obtained from a valid functional capacity evaluation under the direction of a licensed physical therapist"; and 3) Dr. Silverman's opinions "appear to be based only on the subjective complaints and reports by the claimant." R. 31.

Claimant maintains the ALJ did not articulate good cause to assign Dr. Silverman's opinions less than substantial or considerable weight. Doc. No. 23 at 18-23. Specifically, Claimant maintains that the ALJ's reasons for assigning the Assessments "limited weight" are

---

[2] The ALJ also considered a mental status report completed by Dr. Silverman on October 12, 2010, giving it limited weight. R. 30. However, Claimant does not challenge the weight assigned to that opinion. *See* Doc. No. 23 at 18-23.

conclusory, because she did not "explicitly state how Dr. Silverman's clinical findings and the other [medical evidence of record] were inconsistent with his opinions." Doc. No. 23 at 21-23. The Court agrees. The Commissioner attempts to provide the explanation that is lacking from the ALJ's decision by highlighting portions of Dr. Silverman's clinical findings and other medical records that the Commissioner maintains are inconsistent with Dr. Silverman's Assessments. Doc. No. 24 at 7-10. The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[3]

The ALJ's primary reasons for assigning the Assessments "limited weight" are conclusory. Specifically, the ALJ does not explain how the Assessments are inconsistent with Dr. Silverman's clinical records or other medical evidence of record. R. 31. Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason); *see also Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating

---

[3] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). The Court will not attempt to determine what evidence the ALJ relied on in determining that the Assessments are inconsistent with Dr. Silverman's clinical records and other medical evidence of record, as such an exercise would impermissibly require the Court to reweigh the evidence. *See, e.g.*, *Anderson*, 2013 WL 593754, at \*5; *Poplardo*, 2008 WL 68593, at \*11; *Paltan*, 2008 WL 1848342, at \*5. Consequently, the undersigned finds the ALJ's opinion is not supported by substantial evidence because she did not articulate good cause for assigning Dr. Silverman's Assessments less than substantial or considerable weight. Accordingly, it is **RECOMMENDED** the Court accept Claimant's argument and reverse the Commissioner's decision.[4]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits. Doc. No. 23 at 24.[5] Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden*, 672 F.2d at 840. Here, reversal is recommended based on the conclusory reasons articulated by the ALJ for assigning Dr. Silverman's Assessments less than substantial or considerable weight. Neither the reason necessitating reversal nor the record establish that

---

[4] This issue is dispositive and therefore there is no need to address Claimant's remaining argument concerning the side effects she experiences as a result of taking methadone. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). However, the undersigned notes that the ALJ did not discuss or even mention the presence or effect of medication side effects in her decision (R. 21-33), despite Claimant's testimony concerning the effects of her medication, particularly methadone, during the hearing (R. 47, 50). Since the ALJ must reassess the entire record on remand, the ALJ must necessarily reassess the effect Claimant's medication has on her ability to function.

[5] Claimant devotes no portion of her brief to her request that the case be remanded for an award of benefits. *See* Doc. No. 23. Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of her brief. *Id.* at 24.

Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's request to remand for an award of benefits, and, instead, remand this matter for further proceedings.

IV.     **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g); and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on January 28, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy