UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THERESA MARIE JONES,**

      **Plaintiff,**

v.                                            Case No:   6:13-cv-1115-Orl-18GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 30)
>
> **FILED:** April 16, 2015
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.  BACKGROUND.**

On February 19, 2015, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 29. Plaintiff now moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorney fees (the "Motion"). Doc. No. 30. The Motion is unopposed. *Id*. at 2.

## II. DISCUSSION.

Plaintiff, as the prevailing party, requests an award of $5,029.81 in attorney fees. Doc. No. 30. The chart below represents the hours worked and the hourly rates requested:

| Attorney | Year | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| James W. Keeter, Esq.: | 2013 | 4.7 | $187.41 | $880.83 |
| | 2014 | 16.3 | $189.96 | $3,096.35 |
| | 2015 | 5.6 | $187.97 | $1,052.63 |
| | **Total** | | | **$5,029.81** |

*Id*. at ¶ 8. Plaintiff attached a detailed time sheet in support of the above hours and hourly rates. Doc. No. 30-2. Further, Plaintiff has demonstrated that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Doc. No. 30-1 at 3-4. Upon consideration, the undersigned finds Plaintiff's request for $5,029.81 in attorney fees is reasonable.

On February 26, 2015, Plaintiff executed an Assignment of EAJA Fees (the "Assignment"), in which she agreed to assign "all right, title and interest in any attorney's fees awarded" to her counsel. Doc. No. 30-3. Consistent with the Assignment, Plaintiff requests that the EAJA fees be paid directly to her counsel in the event "the U.S. Department of the Treasury determines that [she] does not owe a federal debt[.]" Doc. No. 30 at 2.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-29 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorney

fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements of the Anti-Assignment Act to be valid. 31 U.S.C. § 3727; *see Farm Bureau Mut. Ins. Co. v. U.S.*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984). The Anti-Assignment Act provides, in relevant part, that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Accordingly, an assignment made prior to the award of attorney's fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued. *Id*. Here, the Assignment does not satisfy the Anti-Assignment Act because the Assignment occurred prior to the award of any attorney's fees. *Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Accordingly, the undersigned concludes that the award of EAJA fees should be made to Plaintiff as the prevailing party. *Id*.

### III.  CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 30) be **GRANTED** only to the extent that the Court awards EAJA fees to Plaintiff, as the prevailing party, in the amount of $5,029.81; and

2. Otherwise, **DENY** the Motion.[1]

---

[1] The United States Department of the Treasury (the "Department") may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government. However, the

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 27, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

undersigned is not recommending that the Court order the Department to honor it.